**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | 1:23-CR-113-RP |
| | § | |
| SAMUEL C. MILLER, IV | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:   THE HONORABLE ROBERT PITMAN**
          **UNITED STATES DISTRICT JUDGE**

Before the Court is the Agreed Motion to Revoke Supervised Release, Waiver of Final Revocation Hearing, and Recommended Disposition, filed October 25, 2023 ("Agreed Motion") (Dkt. 18). This Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b)(1)(B), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

### I.  Procedural Background

On September 6, 2017, Defendant Samuel C. Miller, IV was sentenced to 16 months imprisonment, followed by a five-year term of supervised release, for conspiracy to manufacture and distribute anabolic steroids, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(E), and 846. Mr. Miller's supervision commenced on December 14, 2018. He is now before the Court pursuant to a Petition for Warrant for Offender Under Supervision issued October 11, 2023 ("Petition"). Dkt. 5. The Petition alleges that Mr. Miller violated five of his conditions of release:

- **Mandatory Condition No. 1:** "You must not commit another federal, state or local crime." On June 1, 2023, Mr. Miller was arrested in Austin, Texas and charged with Harassment of Public a Public Servant, a third-degree felony, which remains pending, and Public Intoxication, a misdemeanor.

- **Mandatory Conditions Nos. 2 and 3:** "You must not unlawfully possess a controlled substance," and: "You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court," respectively. Mr. Miller submitted urine specimens that returned positive for amphetamines (on September 14, 2023) and amphetamines and fentanyl (on September 18, 2023). He signed an admission form for his drug use.

- **Special Condition c:** "Successfully participate in any substance abuse counseling program, which may include urinalysis, sweat patch, or Breathalyzer testing, as approved by the Probation Office and pay any associated costs as directed by the Probation Office." Mr. Miller failed to submit urine specimens as required on September 8 and October 5, 2023.

- **Standard Condition No. 5:** "You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change." In the Austin Police Department report dated June 1, 2023, Mr. Miller's residence is listed as transient. He failed to notify the U.S. Probation Department of a change of residence.

*Id.*

## II. Analysis

Pursuant to Fed. R. Crim. P. 32.1(b)(2) and (c), a person may waive a revocation hearing, and a hearing before modifying the conditions of probation or supervised release is not required if: (A) the person waives the hearing; or (B) the relief sought is favorable to the person and does not extend the term of supervised release; and (C) an attorney for the government has received notice of the relief sought, has had reasonable opportunity to object, and has not done so.

The Agreed Motion states that Mr. Miller wishes to plead true to the alleged violations of Mandatory Conditions Nos. 2 and 3, Special Condition c, and Standard Condition No. 5, but remain silent on the alleged violation of Mandatory Condition No. 1 because his state case remains pending. Dkt. 18 at 2. Mr. Miller admits that he violated Mandatory Conditions Nos. 2 and 3 and

Special Condition c by unlawfully using MDMA in September 2023, and that he did not advise his Probation Officer about his lapse in stable housing, in violation of Standard Condition No. 5.

The filing further states that Mr. Miller's counsel has reviewed the Petition and the Adjustment Summary prepared by the Probation Office with Mr. Miller and advised him of his right to a preliminary and final revocation hearing, including his rights to be physically present, and his rights under Rule 32.1(b)(2) to counsel, to the disclosure of the evidence against him, and to make a statement and present mitigating information. *Id.*

The Agreed Motion states that, after consulting with counsel, Mr. Miller wishes to waive his right to be present at his preliminary and final revocation hearings and also wishes to waive the hearings. *Id.* The agreed filing further states:

> The parties have conferred in this case and agreed that an appropriate resolution of this matter would be to **revoke Mr. Miller's term of supervised release, sentence him to 60 days incarceration, and to find that no supervised release should follow**.

*Id.* at 2-3.

### III.   Findings of the Court

Based on the parties' agreement and the Agreed Motion, as well as Mr. Miller's plea of "True" to the violation of Mandatory Conditions Nos. 2 and 3, Special Condition c, and Standard Condition No. 5, the Court finds that Mr. Miller violated these four conditions of his release as alleged by unlawfully possessing and using controlled substances (amphetamines and fentanyl) in September 2023; failing to submit a urine specimen as required on September 8 and October 5, 2023; and failing to notify the U.S. Probation Department of a change in residence. The Court further finds that Mr. Miller has waived his preliminary and final revocation hearings, the relief sought is favorable to him and does not extend the term of supervised release, and the government does not object to the proposed resolution.

## IV. Recommendations

Based on the agreement of the Government and the Defendant (Dkt. 18), the Court **RECOMMENDS** that Mr. Rogers' supervised release be **REVOKED** and that he be sentenced to **60 days** incarceration, with no supervised release to follow.

## V. Objections

Because this is an agreed disposition, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act on it.

**SIGNED** on October 25, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE